HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DIANA SNYDER and JACK SNYDER as parents and guardians of DOE, J.M., a minor, and WILLIAM DUSSAULT, as Guardian at Litem of DOE, J.M., a minor,<br><br>Plaintiff,<br><br>v.<br><br>WENATCHEE PUBLIC SCHOOL DISTRICT, a local government entity, WASHINGTON STATE DEPARTMENT OF EDUCATION, a Washington State Agency,<br><br>Defendants. | Case No.  C05-05654 RBL<br><br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND ORDER TO SHOW CAUSE |

I.  **Introduction**.

This matter comes before the Court on Defendants' Motion for Summary Judgment.  [Dkt. #10]. This case arises from allegations that the Plaintiff was assaulted and sexually abused by a fellow student, E.M., during school hours, on or about December 14, 1999, on the school grounds of Wenatchee High School.  E.M. subsequently pled guilty to weapons charges, and the Superior Court of Chelan County issued a "no contact" order to prevent further contact between J.M. and E.M., until February 8, 2001. According to the Plaintiff, E.M. was reinstated as a student at Wenatchee High School in January 2001, and the two students had a chance encounter where E.M. was threatening to J.M.  The Plaintiff maintains

that he was traumatized as a result of the incident and suffers from post-traumatic stress disorder. On August, 21, 2003, attorney William Dussault, Guardian at Litem for J.M., filed a tort claim on behalf of J.M. and his mother, Diana Snyder, claiming damages in the amount of $10,000,000.00 from the Wenatchee Public School District and the State of Washington Department of Education. On July 26, 2005, a lawsuit was initiated in the Thurston County Superior Court on behalf of Diana and Jack Snyder, the parents and guardians of J.M. On October 7, 2005, the State Defendant removed the action to federal court, which the Defendant Wenatchee Public School District joined, due to the Plaintiff's allegations of civil rights violations under 42 U.S.C § 1983. On November 17, 2005, the Defendant State of Washington filed a Motion for Summary Judgment.

**II.   Discussion.**

    **A.   The Plaintiff Failed to Comply with Local Rule W.D. Wash. CR 7(d)(3).**

Local Rule W.D. Wash. CR 7(d)(3) requires that a non-moving party file any opposition papers to a dispositive motion not later than the Monday before the noting date. The Defendants filed their Motion for Summary Judgment on November 17, 2005, and the noting date was December 9, 2005. Consequently, the Plaintiff's response was required to be filed no later than Monday, December 5, 2005. The Court's record indicates that the Plaintiff has not made such a filing. Accordingly, pursuant to Local Rule W.D. Wash. CR 7 (b)(2) such a failure may be considered by the Court as an admission that the moving party's motion has merit.

    **B.   Summary Judgment is Appropriate Here.**

Summary judgment is appropriate when, viewing the facts in the light most favorable to the non-moving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other

words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

Because the Plaintiff has not named any individual in his complaint, and neither a state nor a state agency is a "person" for purposes of 42 U.S.C. § 1983, he cannot successfully bring a claim under § 1983. The Court also finds merit in the Defendant's argument that the State Defendant owed no duty of care to the Plaintiff here. In order to establish a tort claim for negligence, the Plaintiff must first show the existence of a duty owed to him by the Defendant. Since supervisory control over the day-to-day management of individual school districts, schools, or students is left to the local school districts instead of the State Defendant, the State Defendant owed no duty of care to the Plaintiff. Motion for Summary Judgment is therefore granted as to the State Defendant.

**C.     Order to Show Cause**.

Under 28 U.S.C. § 1404(a) an action may be transferred from one federal district to another for "the convenience of parties and witnesses, in the interest of justice." Based upon the foregoing, the Plaintiff is directed to show cause in writing within fourteen ("14") days of entry of this order why the case remaining against the Wenatchee Public School District should not be transferred to the Eastern District of Washington. The failure of the Plaintiff to respond to this order may result in the dismissal of this action.

IT IS SO ORDERED.

DATED this 13th day of December, 2005

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE